Honorable Tim Curry Criminal District Attorney Tarrant County Courthouse Fort Worth, Texas 76196
Re: Authority of a county purchasing agent to rewrite or refuse to advertise bid specifications approved by the commissioners court
Dear Mr. Curry:
You have requested our opinion as to whether, under articles 1659b and 2368a, V.T.C.S., and the note to article 1580, V.T.C.S., the Tarrant County purchasing agent is authorized to rewrite or, in the alternative, is authorized to refuse to advertise bid specifications approved by the commissioners court but which, in the purchasing agent's judgment, are so narrowly written as to deny competitive bidding. Addressing only the statutory construction issue, we conclude that the purchasing agent is not authorized either to rewrite or refuse to advertise such bid specifications.
The county acts only through its commissioners court in making a contract. Article 2368a, V.T.C.S., is the general competitive bidding statute. Section 2(a) provides:
 Sec. 2. (a) No county, acting through its Commissioners Court, and no city in this state shall hereafter make any contract calling for or requiring an expenditure or payment in an amount exceeding five thousand dollars ($5,000.00) out of any fund or funds of any city or county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, or upon such city, without first submitting such proposed contract to competitive bids.
 Although the statutes do not expressly specify which officer or entity is authorized to set bid specifications, this office has stated that, under articles 1659 and 2368a, V.T.C.S., the Commissioner's Court is given broad discretionary powers with respect to establishing and setting specifications for materials and supplies to be purchased by the county. . . .
Attorney General Opinion 0-6606 (1945); see also Attorney General Opinion WW-1121 (1961). No changes in the statutes since the 1945 opinion have altered the commissioners court's authority to contract for the county, to submit proposed contracts to competitive bidding, and inferentially to set specifications for such bids.
Chapter 9, Acts of the Forty-sixth Legislature, as amended, which is codified as a note to article 1580, V.T.C.S., makes it the duty of the purchasing agent to make all purchases for the county of supplies, materials, and equipment except purchases which are required by law to be made by competitive bid. Sec. 1(b). It grants no responsibility to a purchasing agent for purchases which must be made by competitive bid.
Article 1659b, V.T.C.S., is a statute applying only to Tarrant County because of its population bracket. The statute imposes specific duties on the county purchasing agent once specifications for bidding have been set. It provides, in part, that:
 Where the total expenditure for any such purchase or any such contract shall exceed $1,000, advertisements for bids for such supplies and material, according to purchasing specifications giving in detail what is needed, shall be made by the purchasing agent. . . . (Emphasis added).
Additional duties of the purchasing agent under this statute include filing all bids received, providing copies of all bids received by the commissioners court and, whenever that court finds all bids unsatisfactory, rejecting the bids and readvertising. Id. This office has stated that where the county auditor performs the limited functions of the purchasing process conferred by article 1659, V.T.C.S., duties virtually identical to those imposed on the purchasing agent by article 1659b, the commissioners court, not the auditor, sets bid specifications. Attorney General Opinion WW-1121 (1961), citing Attorney General Opinion O-6606 (1945).
We believe that, since the purchasing agent has no power to set bid specifications, by implication he has no power to rewrite specifications set by the commissioners court. You also inquire whether the purchasing agent may refuse to advertise such bid specifications.
Section 2(a) of article 2368a requires that a county submit certain contracts to competitive bidding. Section 2(b) of that act requires the advertisement of such bidding. Article 1569b specifically provides that in Tarrant County advertisements for bids for certain contracts "shall be made by the purchasing agent."
Section 2(d) of article 2368a provides that a contract made by a county without complying with the statutory requirements of that act is void and unenforceable and that the performance of such a contract may be enjoined by any citizen of the county who pays property taxes. However, we do not believe that the provisions of either statute give the purchasing agent discretionary authority to judge whether specifications approved by the commissioners court meet competitive bidding standards or discretion to refuse to advertise for bids on such specifications. We conclude that the duty of the purchasing agent to advertise the availability of bid specifications is a ministerial duty which is statutorily explicit and involves no exercise of judgment or discretion.
Since you do not ask about the constitutionality of the statute which applies only to Tarrant County because of its population bracket, we do not address the issue of whether it is a local or special law in violation of article III, section 56 of the Texas Constitution. See Oakley v. Kent, 181 S.W.2d 919, 923, 924
(Tex.Civ.App.-Eastland 1944, no writ); Attorney General Opinions H-393 (1974); H-8 (1973).
 SUMMARY
The Tarrant County purchasing agent is not authorized to rewrite bid specifications approved by the commissioners court even if the purchasing agent believes the bid specifications deny competitive bidding. The purchasing agent may not refuse to advertise for bids on such specifications.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Nancy Sutton Assistant Attorney General